SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
NOV 1 0 2009
J. T. NOBLIN, CLERK
BY_____DEPUTY

## IN THE UNITED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## ~~SOUTHERN~~ DIVISION
### Hattiesburg

RODNEY L. TAYLOR                                    **PLAINTIFF**

VS.                          CIVIL ACTION NO. 2:09cv231 KS - MTP

HARTFORD CASUALTY INSURANCE CO.                    **DEFENDANT**

### COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, RODNEY L. TAYLOR, by and through his attorney, with this his Complaint against the Defendant, Hartford Casualty Insurance Co., and would show unto this Court the following facts, to wit:

### I.
### PARTIES

That your Plaintiff is an adult resident citizen of Jones County, Mississippi.

That the Defendant, Hartford Casualty Insurance Co., (Hartford) is a non-resident insurance corporation, and upon whom service of process may be had by service upon Hon. Mike Chaney, Mississippi Commissioner of Insurance, Jackson, Mississippi.

### II.
### JURISDICTION

That this Court has jurisdiction in this proceeding based upon the amount in controversy (exceeding $75,000.00), and diversity of citizenship between the parties as contemplated by 28 U.S.C. §1441-1443.

1

III.
## FACTS

Plaintiff would show that he and his brother, Scott Taylor, own and operate Taylor

Brothers Rental, a partnership and association of two persons in the business of rental of

tools, and small construction equipment.  Your Plaintiff, Rodney L. Taylor and brother,

Scott Taylor, later began operating as Taylor Brothers Rental, LLC, d/b/a Taylor Brothers

Rental.  To meet their insurance needs, the brothers purchased a package of insurance

coverage, which included a policy of insurance numbered 45 UUN QZ0901 from the

Defendant, Hartford Casualty Insurance Company that provided

Uninsured/Underinsured motorist coverage in the amount of $100,000.00 upon a Ford

truck utilized by the Brothers Taylor in the operation of their business, said truck being a

2000 Ford 1-ton truck, VIN#1FTNX20F9YEE21905. Attached hereto as Ex. "1", are relevant

common policy provisions and declarations of the automobile policy involved in this

litigation. This policy provided coverage from August 2, 2008 through August 2, 2009. The

"named insured" in said policy is Taylor Brothers Rental, LLC, d/b/a Taylor Brothers

Rental. (Ex. "1", Pg. 1).  The uninsured motorist provision (Ex. "1", Pg. 25), refers to Taylor

Brothers Rental, LLC, d/b/a TA (Trade Association).

IV.

On February 1, 2009, your Plaintiff Rodney L. Taylor was involved in an

automobile accident arising out of, and exclusively resulting from the negligence of Patrick

K. Hemphill who ran a stop sign at the intersection of U.S. Highway 11, and Eastabuchie

2

Road.  The vehicle driven by Patrick K. Hemphill had liability insurance coverage of $50,000.00.  The automobile driven by your Plaintiff Rodney L. Taylor, at the time of the accident however, was a Chevrolet Tahoe and insured by Mississippi Farm Bureau Casualty Insurance Company with Uninsured/Underinsured motorist coverage of $25,000.00.

V.

As a result of the automobile collision involved in this proceeding, your Plaintiff was rendered paraplegic.  His medical bills and expenses now approximate well over $250,000.00.  His damages for past, present and future pain, suffering, humiliation and anguish, lack of mobility, impairment, disability, paralysis, together with claim for loss wages, future medical expenses, and future needs and expenses are profound.

VI.

## CLAIM CHRONOLOGY

On August 5, 2009, your Plaintiff notified Ramani Ayer, Chief Executive Officer of Hartford Casualty Insurance Company, Hartford Plaza, Hartford, Connecticut 06115, through Certified Mail, return receipt requested, of his claim for Uninsured/Underinsured motorist benefits under the terms of the subject policy.  Ex. "2", letter of August 5, 2009, to Ramani Ayer, Chief Executive Officer of Hartford Insurance Company, with attached itemization of then incurred medical bills and expenses.

On or about August 19, 2009, counsel for Claimant received an automobile loss notice from Specialty Risk Services, a Loss Reporting Center for and on behalf of Hartford

3

Casualty Insurance Company. Ex. "3". Specialty Risk Services is a wholly owned subsidiary of Defendant, Hartford Casualty Insurance Company. Ex. "4"..

The loss notice form contained several inaccuracies (on page 2 of Ex. "3") and these inaccuracies were pointed out to the designated adjuster of Specialty Risk Services, Matt Hartz by letter of September 9, 2009, Ex. "5". That letter also confirmed telephone conversations of August 21, 2009, and August 24, 2009, which informed counsel for Plaintiff that since Rodney Taylor was not occupying the Ford truck insured under the Hartford policy at the time of the accident, he was not entitled to Uninsured/Underinsured motorist benefits pursuant to the terms of the Hartford policy, and the claim would be denied.

On September 15, 2009, (Ex. "6"), counsel for Plaintiff again contacted the adjuster Matt Hartz of Specialty Risk Services, indicating that no formal denial had ever been received from his company with regard to the claim and that a formal claim decision was requested.

On September 17, 2009, (Ex. "7"), Matt Hartz, was again notified that he was to forward a formal claim denial letter. That the claim of Rodney L. Taylor was also to include his claim for medical payment benefits under the terms of the Hartford policy. Hartford as of the filing of this Complaint, has not responded to Plaintiffs claim for medical benefits.

On October 1, 2009, Matt Hartz was again notified in an attempt to obtain a formal written denial or claim decision from Hartford Casualty Insurance Company. Ex. "8". The

adjuster was asked directly to reconsider as a reason for denial of the claim, the fact that Rodney L. Taylor was not at the time of the accident occupying the insured vehicle. Ex."8".

On October 7, 2009, counsel for Plaintiff left a voice message with Matt Hartz at 1-877-426-4085, Ext. 21683, requesting again, a formal answer from Hartford with regard to the claim. Ex. "8" - hand notes.

On October 8, 2009, counsel for Plaintiff again contacted Matt Hartz via correspondence pointing out and making reference to the correspondence on behalf of Plaintiff of October 1, September 17, September 15, September 9, and October 7, 2009, regarding multiple requests for a formal response and/or reconsideration of the informal reasons given for claim denial. Ex. "9".  It was pointed out that Taylor had been waiting for over two (2) months for a claims decision.

VII.
CLAIM DENIAL

Later during the day of October 8, 2009, Hartford responded to Plaintiffs numerous inquiries, denying Plaintiffs claim for Uninsured/Underinsured motorist benefits. (Ex. "10").

As set forth in paragraph two (Ex. "10"), Matt Hartz, the adjuster for Hartford Casualty Insurance Company, quoting policy language, stated that in order for Rodney L. Taylor to be covered for Uninsured/Underinsured motorist coverage, that **person** had to be (a)"Anyone **occupying** a covered auto.  Because Rodney L. Taylor was not occupying the Ford 2000 one ton truck at the time of the accident, he was not entitled to claim the

coverage, and cryptically that because the policy had been issued to a limited liability company that **person**, must occupy the covered or insured vehicle. Hartford treats Rodney L. Taylor, an individual, as if he is somehow different from Taylor Brothers Rental, or Taylor Brothers Rental, LLC. Hartford has written language into its policy, which limits, restricts, and avoids coverage for a Class I insured, and despite numerous State and Federal Court decisions to the contrary, still required that Rodney L. Taylor occupy the insured vehicle at the time of the injury or accident for Uninsured/Undersinsured motorist coverage to apply. Hartford's policy language is yet another storied example of the insurance industries attempts to hide, limit, and/or distort coverage.

VIII.
THE MISSISSIPPI UNINSURED MOTORIST STATUTE

**§83-11-103. Definitions**

As used in this article:

(a) The term "bodily injury" shall include death resulting from such injury.

(b) The term **"insured"** shall mean the **named insured** and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle **or otherwise**,[1] and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term "insured" given in this section shall apply only to the uninsured motorist portion of the policy.

The Mississippi Statute does not require a "named insured", nor a spouse or relative to occupy the insured vehicle in order for coverage to apply.

---

[1] The "named insured", is a Class I insured. Class II insureds are persons who occupy the insured vehicle, or use the same with consent. Hartford has no leeway in the matter. The term "insured" shall apply to the uninsured motorist portion of the policy. §83-11-103(b) MCA, last sentence.

<u>DEFENDANTS POLICY LANGUAGE</u>

Defendants policy language reads as follows:

**B.    Who is An Insured**

**If** the Named Insured is designated in the Declarations as:

1.    An **individual,** then the following are "insureds":

    a.    The Named Insured and any "family members".

    b.    Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    c.    Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

    d.    Any person who uses a covered "auto" with the Named Insured's expressed or implied consent.

2.    A **partnership, limited liability company**, corporation or an **other form of organization**, then the following are "insureds":

    a.    Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    b.    Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

    c.    Any person who uses a covered "auto" with the Named Insured's expressed or implied consent.

    d.    The Named Insured for "property damage" only.

Here, Hartford attempts to treat any association of individuals, whether the "named insured" or not, the legal equivalent of a corporation. Hartford ignores that the definition of "named insured" does not include nor exclude individuals, nor the **persons** who may

7

comprise Plaintiffs partnership or limited liability company.  The language utilized by Hartford, although quite unnecessary under the statute (and not authorized either), can clearly mislead any reasonably educated individuals into concluding that no coverage exists under the policy for Rodney L. Taylor, and thereby permit Hartford, and other insurance companies to escape not only this claim, but hundreds if not thousands of other similar claims by owners of partnerships or limited liability companies.  This practice of hiding, concealing, and attempting to avoid coverage for those who are now considered Class I insureds is against the public policy of Mississippi.

IX.
## POLICY LANGUAGE ALSO AMBIGUOUS

Hartford agreed to insure the Brothers Taylor, who do business under a trade name of Taylor Brothers Rental.  From their prospective they are two individuals or natural persons who needed insurance.  While reading the Defendants policy language of "Who Is An Insured", and knowing that they comprise two individuals, and not a corporation Rodney L. Taylor and his brother Scott Taylor, easily conclude, that because they have family members as mentioned in the Defendants insurance policy, they as individuals are certainly the "named insured".

Additionally, it is just as easily to conclude that coverage also exists for individuals who may actually occupy the insured vehicle.  To the average person, the Defendants policy language is legally ambiguous, and otherwise misleading.

8

X.
## BREACH OF CONTRACT

Rodney L. Taylor would show that the Defendant has breached the terms of the subject insurance policy and the coverage provided thereunder as mandated and required by the laws of the State of Mississippi, and more particularly the definition of Uninsured/Underinsured motorist coverage and of who is an insured pursuant to the provisions of Section 83-11-103 of the Miss. Code. That Plaintiffs damages greatly exceed the terms and the limits of the coverage provided and accordingly is entitled to judgment against the Defendant for the full amount of Uninsured/Underinsured motorist vehicles and/or his claim for medical payment benefits which have not been denied nor tendered. That all of Plaintiffs damages as claimed herein, are a direct proximate result of the claims, and claims handling decisions of the Defendant and its breach of insurance contract.

XI.
## REQUEST FOR PUNITIVE DAMAGES

Plaintiff would show that the retention, and inclusion of language within the Defendants policy that pretends Rodney L. Taylor is someone different than the "named insured" is in direct violation of the mandatory requirements of the Mississippi Uninsured Motorist Statute. Effort by the Defendant to restrict the protection of such mandatory and statutory language, by mis-definition of who is an insured under Mississippi law, violates the public policy of the State of Mississippi. Plaintiff is a Class I insured, regardless of how the Defendant attempts to restrict and hide insurance coverage within the terms of its policy. If a Class I insured, your Plaintiff is entitled to the benefits while riding in an

insured, or uninsured motor vehicle, commercial vehicle, while in a rocking chair on the front porch, in a bathtub, or "otherwise" as set forth in the provisions of §83-11-103(b) MCA.

However, the adjusters reading of the policy exclusion is not a simple mistake. The language is retained purposely within the policy and the adjuster Matt Hartz was plainly and clearly instructed to deny the claim based upon policy language. The Defendant intended to retain, and continue to use and apply the condemned statutory exclusion language and here, treats and association of individuals, the Brothers Taylor, the legal equivalent of a corporation which denies coverage, individually for either of the Brothers Taylor as Class I insured's and necessarily requires them and/or members of their families or other relatives to actually occupy the insured vehicle when no such requirement is set forth by Mississippi law but which allows Hartford to deny coverage. The Defendant is guilty of egregious and outrageous conduct by deceiving Rodney L. Taylor, and other insured's into believing that members of a partnership, or LLC, must actually occupy the insured vehicle in order to receive the benefits of the coverage purchased.

Plaintiff would show the Defendant is a huge national insurance company with multiple batteries and offices of attorneys, some of who are charged with overseeing the issuance of policies in the State of Mississippi, and compliance, and monitoring of litigation with regard to Mississippi Uninsured Motorist Statute. That the conclusion of Adjuster Hartz was not a simple mistake. From an insurance adjusters perspective, Matt Hartz did not misread the exclusionary language that required Rodney L. Taylor to actually occupy

10

the insured vehicle at the time of the accident to be entitled to benefits. The Defendant has intended to retain and continues to use and apply the condemned statutory exclusionary language in its policies leading many, many innocently injured person to conclude that since their small business is a partnership or a limited liability company, no benefits are available for the premiums charged them by Hartford.

The Defendant is guilty of egregious and outrageous conduct by deceiving Mississippi insured's into believing that members of a partnership, or an LLC, must actually occupy the insured vehicle in order to receive the benefits of the Mississippi Uninsured/Underinsured Motorist Statute.   Plaintiff is entitled to an assessment of punitive damages against the Defendant in this proceeding for such wrongful conduct, and wrongful retention and usage of exclusionary language as the same applies to your Plaintiff, and other Class I insured's under the Mississippi Uninsured Motorist Statute.

WHEREFORE PREMISES CONSIDERED, Plaintiff sues and demands judgment of and from the Defendant as follows:

1.   All policy benefits and provisions of the Uninsured/Underinsured motorist coverage provided in the subject matter;

2.   All medical payment benefits to which your Plaintiff is entitled under the provisions of the subject matter policy;

3.   Interest at the legal rate upon all liquidated damages as made be provided by law from and after the date of the claim made by Plaintiff unto the Defendant or as the Court may in its discretion allow or as otherwise provided by law;

11

4.   Veasley damages;

5.   Exemplary or punitive damages in such an amount, as is reasonably necessary to deter the Defendant, and others in the same position of the Defendant from such similar conduct in the future and as may be advanced toward other individuals and insured's; and

6.   Such other relief as may be appropriate in the circumstances.

Respectfully submitted,

WILLIAM HAROLD JONES
Attorney for Plaintiff

WILLIAM HAROLD JONES
ATTORNEY FOR PLAINTIFF
PO BOX 282/849 HWY 11
PETAL, MISSISSIPPI 39465
TELEPHONE: (601) 545-8324
FACSIMILE: (601) 545-8389
MISSISSIPPI BAR NO. 3284