**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**RODNEY L. TAYLOR**                                                                   **PLAINTIFF**

v.                                                             Civil Action No. 2:09cv231-KS-MTP

**HARTFORD CASUALTY INSURANCE CO.**                        **DEFENDANT**

## ORDER

This matter is before the court on a Motion [37] to Compel Discovery filed by Plaintiff and a Motion [34] for Protective Order filed by Defendant. Having reviewed the discovery requests and responses, the submissions of the parties and applicable law, having heard the arguments of the parties during a telephonic motion hearing on May 11, 2010, and thus being fully advised in the premises, the court finds that the motions should be granted in part and denied in part, as set forth below.

<u>Motion for Protective Order</u>

As clarified by Defendant during the telephonic motion hearing, Defendant seeks a Protective Order only with respect to its claims file (the subject of Document Request No. 1, addressed below). Defendant states that it is willing to produce the entire claims file to Plaintiff, but that there are documents within the file that are proprietary and/or confidential[1] and, therefore, it seeks a Protective Order with respect to the claims file.

The court finds that Defendant has established good cause for a Protective Order to be entered. However, the court does not find it appropriate to enter a blanket Protective Order covering the entire claims file. Rather, Defendant may designate discrete documents within the

---

[1] These include documents that reflect Hartford's claims-handling procedures and the processes by which claims are evaluated.

file - as well as any other documents ordered to be produced herein - as confidential, pursuant to a Protective Order that shall be entered by the court, and Plaintiff shall have the right to challenge any such confidentiality designations. Defendant shall promptly prepare a proposed Protective Order, submit it to opposing counsel for review and approval as to form, and submit it to the court by May 19, 2010.

Motion to Compel[2]

Document Request No. 1: Defendant shall produce documents responsive to this request. As with all other requests addressed herein, Defendant shall prepare a privilege log for any responsive documents withheld on the grounds of attorney-client or work product privilege.

Document Request No. 2: Defendant shall produce documents responsive to this request, but need not produce or identify any correspondence between Defendant and its attorneys regarding the instant lawsuit.

Document Request No. 3: Defendant shall produce only those documents responsive to this request that pertain to the issue of who is an "insured" within the context of an insurance policy written to or for a Limited Liability Company (LLC) or an organization operating under a trade name, and only those documents that apply to Mississippi insureds.

Document Request No. 7: This request is denied as moot, in light of the court's ruling on the Motion for Protective Order.

Document Request No. 8: Defendant must produce only those provisions of manuals or documents that pertain specifically to claims made by or on behalf of an LLC or an organization operating under a trade name.

---

[2] To the extent that Defendant has confidentiality or proprietary concerns with respect to any of the documents ordered by the court to be produced, it may designate those documents as confidential pursuant to the Protective Order that will be entered.

Document Request No. 9: If there are specific provisions within the requested manuals addressing who is an "insured" when a policy is issued to an LLC or an organization operating under a trade name, or particular considerations taken into account by Defendant when issuing a policy to such entities, Defendant shall produce those provisions. Otherwise, Defendant need not produce the remainder of the requested manuals.

Document Request No. 10: This request is denied as redundant, in light of Document Request No. 3.

Document Request No. 11: This request is denied as inapplicable to this lawsuit.[3]

Document Request No. 12: This request is granted in part. Defendant must produce a lawsuit log of only those lawsuits filed in Mississippi, within three years prior the filing of the instant lawsuit, by LLCs, and where the issue is who is the "insured."

Document Request No. 13: This request is denied. Defendant need not produce the requested documents.

Document Request No. 14: This request is denied as redundant, in light of Document Request No. 12.

Document Request No. 15: This request is denied. Defendant need not produce the requested documents.

Interrogatory No. 2: This request is granted in part. Defendant shall provide a business address for any Hartford employee identified in its Initial Disclosures.

Interrogatory No. 9: This request is denied, as Defendant has stated that it is not relying on an "advice of counsel" defense.

---

[3] Plaintiff's counsel indicated that this request was inadvertently included in the motion to compel.

Interrogatory No. 13: This request is denied as moot, in light of Document Request No. 12.

Interrogatory No. 14: This request is denied, as it is addressed in Document Request No. 8.  Defendant need not respond to this interrogatory.

Interrogatory No. 15: This request is denied.  Plaintiff can obtain the information it is seeking from the underwriting file, which the court has already ordered to be produced.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant's Motion [34] for Protective Order is granted in part and denied in part as set forth above.  Defendant shall promptly prepare a proposed Protective Order, submit it to opposing counsel for review and approval as to form, and submit it to the court by May 19, 2010.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's [37] to Compel Discovery is granted in part and denied in part as set forth above.  Defendant shall provide its amended or supplemented responses and produce its records and documents, as set forth *supra*, on or before June 2, 2010. Any other relief sought in the motion is denied.

SO ORDERED AND ADJUDGED this the 13th day of May, 2010.

        s/ Michael T. Parker
        United States Magistrate Judge